## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| NATHANIEL D. RICE, | : | Case No. 1:22-cv-716 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Stephanie K. Bowman |
| TROOPER TYLER S. ROSS, *et al*., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently at the Guilford County Detention Center, in Greensboro, North Carolina, brings this *pro se* civil rights action for damages and injunctive relief under 42 U.S.C. § 1983 and Ohio state law.  In the complaint, plaintiff alleges claims against various defendant state troopers for violations of his rights during a July 2021 search of his truck and arrest in Butler County, Ohio, and claims against a defendant tow company for conversion following the subsequent impoundment of his truck.  (Doc. 4).[1]  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C.

---

[1]It appears from a search of the Butler County Municipal Court records that plaintiff was charged with trespass (in violation of Ohio Rev. Code § 2911.21(A)(1)); resisting arrest (in violation of Ohio Rev. Code § 2921.33(A)), and failure to disclose (in violation of Ohio Rev. Code § 2921.29(A)(1)).  These charges were dismissed without prejudice on September 23, 2021.  (Viewed at https://docket.bcohio.gov/recordSearch.php (under Case Nos. CRB 2100603A, CRB 2100603B, and CRB 2100603C)).

§ 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).  Also before the Court is plaintiff's motion for

discovery requests (Doc. 3).  For the reasons set forth below, the instant action is subject to

dismissal under principles of *res judicata*, for failure to state a claim upon which relief can be

granted, and/or for lack of subject matter jurisdiction, and the pending motion (Doc. 3) should be

denied as moot.

## Screening of Complaint

### A.    Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d

1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is

immune from suit or when plaintiff claims a violation of a legal interest which clearly does not

exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations

are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at

32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are

"fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d

2

468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . .

3

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

<u>*Claims against defendant state troopers*</u>

As set forth above, the first of the two groups of claims in plaintiff's complaint alleges

that defendant state troopers violated plaintiff's rights during a search of his truck and his arrest

in July 2021, in Butler County, Ohio.  This is not the first time that plaintiff has brought an

action challenging these events.  Plaintiff's complaint in *Rice v. Jones*, No. 1:21–cv–611 (S.D.

Ohio 2021), also raised claims related to the July 2021 search of his truck and his arrest.  In Case

No. 1:21-cv-611, the Court dismissed those claims on October 31, 2022, for failure to state a

claim upon which relief could be granted.  (*See* No. 1:21-cv-611 (Docs. 12, 16, 17)).  In the

Report and Recommendation, which the District Judge adopted in its entirety, the Court

explained:

> [W]ith respect to plaintiff's claims related to the search of his truck and his
> allegedly false and retaliatory arrest, plaintiff merely concludes that defendants'
> alleged conduct was "unlawful" and "in retaliation" (Doc. 9, at PageID 122)
> without sufficient "factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged."

(*See* No. 1:21-cv-611 (Doc. 12, at PageID 163) (quoting *Iqbal*, 556 U.S. at 678)).  Plaintiff has

appealed that decision and his appeal is still pending before the Sixth Circuit, in Appeal No. 22-

3972.

As another district court in the Sixth Circuit has explained:

> The doctrine of claim preclusion, sometimes referred to as *res judicata*, provides
> that if an action results in a judgment on the merits, that judgment operates as an
> absolute bar to any subsequent action on the same cause between the same parties
> or their privies, with respect to every matter that was actually litigated in the first
> case, as well as every ground of recovery that might have been presented. *Black v.
> Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v.*

4

> *Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at *1 (6th Cir. Dec. 8, 1997).  Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case.  *Allen*, 449 U.S. at 94; *accord Federated Dept Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

*Theriot v. Woods*, No. 2:18-CV-92, 2019 WL 409507, at *6 (W.D. Mich. Feb. 1, 2019).

Here, all three elements of *res judicata* apply.  Case No. 1:21-cv-611 ended in a final judgment on the merits as to plaintiff's claims challenging the July 2021 search of his truck and arrest.  (*See* No. 1:21-cv-611 (Docs. 12, 16, 17)).  *See also Burton v. Cleveland Ohio Empowerment Zone,* 102 F. App'x. 461, 463 (6th Cir. 2004) (finding that prior dismissal of complaint pursuant to 28 U.S.C. § 1915(e) constitutes an adjudication on the merits for purposes of *res judicata*).  Further, plaintiff's unlawful search and arrest claims in that lawsuit involved the same state troopers as in the instant suit or their privies.  Although one state trooper defendant in this case, Trooper John Doe #4, was not named in the prior suit, this defendant is "clearly in privity with the previous defendants, as the factual bases for the claims are identical." *Theriot*, 2019 WL 409507, at *7 (citing cases).  "A plaintiff may not sue a succession of state employees on the same claim solely on the ground that each employee is not 'identical' to previously sued employees." *Micklus v. Greer*, 705 F.2d 314, 317 (8th Cir. 1983).  Finally, as previously noted, both lawsuits involve challenges to the same July 2021 search of plaintiff's truck and arrest.  (Compare Case No. 1:21-cv-611 (Doc. 9) with Case No. 1:22-cv-716 (Doc. 4)).

Plaintiff's attempt to relitigate these claims in the instant lawsuit is therefore barred by *res judicata*.[2]

Further, to the extent that plaintiff clarifies his allegations in the instant lawsuit to include a claim for damages against the defendant state troopers relating to the impoundment of his truck and the alleged loss of other property while he was in jail, such claims are similarly barred as they arise from the same set of facts involved in the first case. *See Black*, 15 F.3d at 582 ("The doctrine of claim preclusion, sometimes referred to as *res judicata,* mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented."); *see also Anderson v. Abraham*, 214 F. Supp. 2d 1036, 1039 (D.N.D. 2002) (quoting *Lundquist v. Rice Memorial Hosp.,* 238 F.3d 975, 977 (8th Cir. 2001)) ("Thus, the current claims involve many of the same facts which were in evidence at the first case, suggesting that the claims all arise from the same set of facts.  This in turn suggests the conclusion that these claims "could have been raised in [the first] action," making *res judicata* applicable.").

Indeed, even assuming, *arguendo*, that the latter claim was not barred by *res judicata*, it would nonetheless fail to state a claim upon which relief can be granted.  The Court has previously determined that plaintiff's claims relating to the July 2021 search of his truck and his arrest fail to state a claim upon which relief could be granted.  (*See* Case No. 1:21-cv-611 (Docs, 12, 16, 17)).  Furthermore, plaintiff's conclusory allegations in the instant lawsuit fail to show

---

[2]"The Sixth Circuit has stated that the doctrine of *res judicata* may be raised by the district court, *sua sponte,* 'in the interest[ ] of . . . the promotion of judicial economy.'"  *Daniel v. McQuiggin,* No. 2:08-CV-13293, 2009 WL 960296, at *2 (E.D. Mich. Apr. 7, 2009) (quoting *Holloway Constr. Co. v. United States Dep't of Labor,* 891 F.2d 1211, 1212 (6th Cir.1989)).

that the impoundment of his truck was unlawful.  *See Iqbal*, 556 U.S. at 678.  It is well-settled that "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge."  *S. Dakota v. Opperman*, 428 U.S. 364, 369 (1976).

For the above reasons, plaintiff's instant claims against the defendant state troopers should be dismissed for failure to state a claim upon which relief can be granted.

<u>*Claims against defendant Sandy's Towing*</u>

The only remaining claims in the instant complaint are plaintiff's conversion claims against defendant Sandy's Towing, the tow company that plaintiff alleges the defendant state troopers called to impound his truck.[3]  Plaintiff alleges that he "lost [approximately] $2500 worth of tools when impound[ed] at Sandy's Towing."  (Doc. 4, at PageID 39).  To the extent that plaintiff attempts to bring a claim against Sandy's Towing under § 1983, the claim fails as a matter of law.  The doctrine of *respondeat superior* does not apply in § 1983 lawsuits.  *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)).[4]  To the extent that plaintiff is trying to bring a state-law conversion claim against this defendant, he has not established this Court's diversity jurisdiction to hear the claim.

The only specific allegation of damages plaintiff references in the complaint relating to his conversion claims is that he lost $2500 worth of tools.  (Doc. 4, at PageID 39).  This

---

[3]It does not appear that these claims were addressed on the merits in Case No. 1:21-cv-611.

[4]Because this claim fails as a matter of law, the Court need not decide at this time whether Sandy's Towing would constitute a state actor for purposes of § 1983.  *See West v. Atkins,* 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law.").

7

allegation is insufficient to support a finding that his claim satisfies the jurisdictional amount

necessary for diversity jurisdiction under 28 U.S.C. § 1332(a).[5]  Nor are plaintiff's requests "for

damages for lost property and/or freedom which violated Due Process—$128,000" or for

"punitive damages of $1,000,000 for unlawful arrest and false imprisonment" sufficient to satisfy

the Court's jurisdiction over the conversion claim.  (*See* Doc. 4, at PageID 35).  The requested

relief for $128,000 pertains to more than just the allegedly lost tools and fails to "present clear

allegations" that the amount in controversy on the remaining conversion claims exceeds $75,000.

*See Tiger v. Pynkala*, No. 14-1212, 2014 WL 5502405, at *14 n.11 (W.D. Tenn. Oct. 30, 2014)

(finding that the plaintiff failed to meet her burden of pleading diversity jurisdiction where she

failed to "present clear allegations" that the amount in controversy exceeded $75,000).  The

requested relief for $1,000,000 pertains to the July 2021 arrest claims that the Court has

recommended be dismissed against the defendant state troopers.

  For the above reasons, plaintiff's conversion claims against Sandy's Towing should be

dismissed for failure to state a claim upon which relief can be granted and/or for lack of subject

matter jurisdiction.

  Accordingly, in sum, for the reasons set forth above, it is **RECOMMENDED** that the

Court **DISMISS** plaintiff's claims against the defendant state troopers and any § 1983

conversion claim against defendant Sandy's Towing **WITH PREJUDICE** for failure to state a

claim upon which relief can be granted.  It is further **RECOMMENDED** that the Court dismiss

plaintiff's state-law conversion claim against Sandy's Towing **WITHOUT PREJUDICE** to

---

[5]28 U.S.C. § 1332(a) provides, in relevant part:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1).

filing in state court as appropriate for lack of subject matter jurisdiction.  28 U.S.C.

§§ 1915(e)(2)(B); 1915A(b); Federal Rule of Civil Procedure 12(h)(3).

In light of the above recommendations, it is further **RECOMMENDED** that plaintiff's

motion for discovery requests (Doc. 3) be **DENIED as moot.**

## IT IS THEREFORE RECOMMENDED THAT:

1.  The Court **DISMISS** plaintiff's claims against the defendant state troopers and any

§ 1983 conversion claim against defendant Sandy's Towing **WITH PREJUDICE** for failure to

state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

2.  The Court **DISMISS** any state-law conversion claim against defendant Sandy's

Towing **WITHOUT PREJUDICE** to filing in state court as appropriate for lack of subject

matter jurisdiction.  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); Federal Rule of Civil Procedure

12(h)(3).

3.  The Court **DENY as moot** plaintiff's motion for discovery requests (Doc. 3).

4.  The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons

an appeal of any Order adopting this Report and Recommendation would not be taken in good

faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v.

Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


June 5, 2023                                    *s/Stephanie K. Bowman*
                                                STEPHANIE K. BOWMAN
                                                United States Magistrate Judge